USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 10 2017

Daniels, G.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

**Plaintiff,**

-against-

HAROLD BAILEY "B.J." GALLISON, II (A.K.A.
BART WILLIAMS), MONEYLINE BROKERS,
BASTILLE ADVISORS, INC., CLUB CONSULTANTS,
INC., JUROJIN, INC., SANDIAS AZUCARADAS CR,
S.A., VANILLA SKY, S.A., ROGER G. COLEMAN, SR.,
ANN "ANNA" M. HISKEY, ROBIN M. RUSHING,
DAVID K. RUSHING, MICHAEL J. RANDLES,
WARRIOR GIRL CORP., CARL H. KRUSE, SR.,
CARL H. KRUSE, JR. (A.K.A. CARL KRUSE-
VELASQUEZ), ALLAN M. MIGDALL, NATURE'S
PEAK F.K.A. EVEROCK, INC., FRANK J. ZANGARA,
MARK S. DRESNER, CHARLES "CHUCK" S.
MOELLER, ROBERT S. OPPENHEIMER, ANTONIO
("TONY" OR "ANTHONY") J. KATZ, RICHARD S.
ROON, FRY CANYON CORPORATION, L.F.
TECHNOLOGY GROUP LLC, STARBURST
INNOVATIONS LLC, TACHION PROJECTS, INC.,
B.H.I. GROUP, INC., U D F CONSULTING INC.,
DIGITAL EDGE MARKETING LLC, CORE
BUSINESS ONE, INC., SPECTRUM RESEARCH
GROUP INC., OCEANIC CONSULTING LLC, and
AKAT GLOBAL LLC,

**Defendants.**

15-cv-05456 (GBD)

---

### FINAL JUDGMENT AS TO DEFENDANT CLUB CONSULTANTS, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Club

Consultants, Inc. ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

        or any omission of a material fact necessary in order to make the statements

        made, in light of the circumstances under which they were made, not misleading;

        or

(c)     to engage in any transaction, practice, or course of business which operates or

        would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.

3

§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15

U.S.C. § 78o(a)] directly or indirectly, by making use of any means or instrumentality of

interstate commerce or of the mails and engaging in the business of effecting transactions in

securities for the accounts of others, or inducing or effecting the purchase and sale of securities,

while not registered with the Commission in accordance with the provisions of Section 15(b) of

the Exchange Act [15 U.S.C. § 78o(b)] or while not associated with a broker-dealer that was so

registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. § 240.3a51-1].

5

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:     **MAR 1 0 2017**

_____
HON. GEORGE B. DANIELS, U.S.D.J.

JS