Daniels, G.

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: MAR 10 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

HAROLD BAILEY "B.J." GALLISON, II (A.K.A.
BART WILLIAMS), MONEYLINE BROKERS,
BASTILLE ADVISORS, INC., CLUB CONSULTANTS,
INC., JUROJIN, INC., SANDIAS AZUCARADAS CR,
S.A., VANILLA SKY, S.A., ROGER G. COLEMAN, SR.,
ANN "ANNA" M. HISKEY, ROBIN M. RUSHING,
DAVID K. RUSHING, MICHAEL J. RANDLES,
WARRIOR GIRL CORP., CARL H. KRUSE, SR.,
CARL H. KRUSE, JR. (A.K.A. CARL KRUSE-
VELASQUEZ), ALLAN M. MIGDALL, NATURE'S
PEAK F.K.A. EVEROCK, INC., FRANK J. ZANGARA,
MARK S. DRESNER, CHARLES "CHUCK" S.
MOELLER, ROBERT S. OPPENHEIMER, ANTONIO
("TONY" OR "ANTHONY") J. KATZ, RICHARD S.
ROON, FRY CANYON CORPORATION, L.F.
TECHNOLOGY GROUP LLC, STARBURST
INNOVATIONS LLC, TACHION PROJECTS, INC.,
B.H.I. GROUP, INC., U D F CONSULTING INC.,
DIGITAL EDGE MARKETING LLC, CORE
BUSINESS ONE, INC., SPECTRUM RESEARCH
GROUP INC., OCEANIC CONSULTING LLC, and
AKAT GLOBAL LLC,

Defendants.

15-cv-05456 (GBD)

---

## FINAL JUDGMENT AS TO DEFENDANT MONEYLINE BROKERS

The Securities and Exchange Commission having filed a Complaint and Defendant

Moneyline Brokers ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.

3

§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] directly or indirectly, by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or while not associated with a broker-dealer that was so registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

5

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant is liable for disgorgement of $1,724,770.00 representing profits gained as a result of the conduct alleged in the Complaint. Disgorgement is deemed satisfied by the forfeiture order entered on March 18, 2016 in the related criminal case, *United States of America v. Harold Bailey Gallison II, a/k/a "B.J. Gallison," a/k/a "Bart Williams*," Crim. No. 1:15-CR-178-1-AJT (E.D. Va.).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  **MAR 1 0** 2017

HON. GEORGE B. DANIELS, U.S.D.J.

6

JS