

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

HAROLD BAILEY "B.J." GALLISON, II (A.K.A. BART WILLIAMS), MONEYLINE BROKERS, BASTILLE ADVISORS, INC., CLUB CONSULTANTS, INC., JUROJIN, INC., SANDIAS AZUCARADAS CR, S.A., VANILLA SKY, S.A., ROGER G. COLEMAN, SR., ANN "ANNA" M. HISKEY, ROBIN M. RUSHING, DAVID K. RUSHING, MICHAEL J. RANDLES, WARRIOR GIRL CORP., CARL H. KRUSE, SR., CARL H. KRUSE, JR. (A.K.A. CARL KRUSE-VELASQUEZ), ALLAN M. MIGDALL, NATURE'S PEAK F.K.A. EVEROCK, INC., FRANK J. ZANGARA, MARK S. DRESNER, CHARLES "CHUCK" S. MOELLER, ROBERT S. OPPENHEIMER, ANTONIO ("TONY" OR "ANTHONY") J. KATZ, RICHARD S. ROON, FRY CANYON CORPORATION, L.F. TECHNOLOGY GROUP LLC, STARBURST INNOVATIONS LLC, TACHION PROJECTS, INC., B.H.I. GROUP, INC., U D F CONSULTING INC., DIGITAL EDGE MARKETING LLC, CORE BUSINESS ONE, INC., SPECTRUM RESEARCH GROUP INC., OCEANIC CONSULTING LLC, and AKAT GLOBAL LLC,

Defendants.

---

15-cv-05456
(GBD)

# FINAL JUDGMENT AS TO
# DEFENDANT MARK S. DRESNER AND
# DIGITAL EDGE MARKETING LLC

The Securities and Exchange Commission having filed a Complaint and Defendant Mark

S. Dresner ("Defendant Dresner") and Defendant Digital Edge Marketing LLC ("Defendant

Digital Edge") (collectively, "Defendants"), having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from violating Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact
or any omissions of a material fact necessary in order to make the statements
made, in light of the circumstances under which they were made, not misleading;
or

      (c)     to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from violating Section 5 of the Securities

Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

3

(a)     Unless a registration statement is in effect as to a security, making use of any
means or instruments of transportation or communication in interstate commerce
or of the mails to sell such security through the use or medium of any prospectus
or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to
be carried through the mails or in interstate commerce, by any means or
instruments of transportation, any such security for the purpose of sale or for
delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in
interstate commerce or of the mails to offer to sell or offer to buy through the use
or medium of any prospectus or otherwise any security, unless a registration
statement has been filed with the Commission as to such security, or while the
registration statement is the subject of a refusal order or stop order or (prior to the
effective date of the registration statement) any public proceeding or examination
under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants are permanently barred from participating in an offering of penny stock, including

4

engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant Dresner shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to 15 U.S.C. § 77t(d) and 15 U.S.C. § 78u(d)(3). Defendant Dresner shall make this payment within 14 days after entry of this Final Judgment.

Defendant Dresner may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Dresner may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mark Dresner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Dresner shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Dresner relinquishes all legal and equitable right, title, and interest in such

5

funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Dresner shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Dresner, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Dresner under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Dresner of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

6

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____ JUL 0.8 2019

George B. Daniels
_____
HON. GEORGE B. DANIELS, U.S.D.J.