UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                   Plaintiff,

    -against-

HAROLD BAILEY "B.J." GALLISON, II (A.K.A.
BART WILLIAMS), MONEYLINE BROKERS,
BASTILLE ADVISORS, INC., CLUB CONSULTANTS,
INC., JUROJIN, INC., SANDIAS AZUCARADAS CR,
S.A., VANILLA SKY, S.A., ROGER G. COLEMAN, SR.,
ANN "ANNA" M. HISKEY, ROBIN M. RUSHING,
DAVID K. RUSHING, MICHAEL J. RANDLES,
WARRIOR GIRL CORP., CARL H. KRUSE, SR.,
CARL H. KRUSE, JR. (A.K.A. CARL KRUSE-
VELASQUEZ), ALLAN M. MIGDALL, NATURE'S
PEAK F.K.A. EVEROCK, INC., FRANK J. ZANGARA,
MARK S. DRESNER, CHARLES "CHUCK" S.
MOELLER, ROBERT S. OPPENHEIMER, ANTONIO
("TONY" OR "ANTHONY") J. KATZ, RICHARD S.
ROON, FRY CANYON CORPORATION, L.F.
TECHNOLOGY GROUP LLC, STARBURST
INNOVATIONS LLC, TACHION PROJECTS, INC.,
B.H.I. GROUP, INC., U D F CONSULTING INC.,
DIGITAL EDGE MARKETING LLC, CORE
BUSINESS ONE, INC., SPECTRUM RESEARCH
GROUP INC., OCEANIC CONSULTING LLC, and
AKAT GLOBAL LLC,

                   Defendants.

15-cv-05456 (GBD)

---

## [PROPOSED] DEFAULT JUDGMENT AS TO DEFENDANT SPECTRUM RESEARCH GROUP INC.

The Securities and Exchange Commission (the "SEC" or "Commission") having filed a

Complaint, Defendant Spectrum Research Group Inc. ("Defendant") having been duly served the

Complaint, but failed to answer or otherwise defend, the Clerk of this Court having entered a

default against the Defendant, and the SEC having moved for default judgment against the Defendant, and good cause shown, this Court enters the following Default Judgment against the Defendant:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity

3

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant shall pay a civil penalty in the amount of $725,000 to the Securities and Exchange Commission pursuant to 15 U.S.C. § 77t(d) and 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $725,000 within 30 days after entry of this Default Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Spectrum Research Group Inc. as a defendant in this action; and specifying that payment is made pursuant to this Default Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Default Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a Default order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a

5

payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

Dated: **MAY 2 4 2022**,_____

_____

HON. GEORGE B. DANIELS, U.S.D.J.