**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
:
SECURITIES AND EXCHANGE COMMISSION   :
:
Plaintiff,   :
:
-against-   :      MEMORANDUM DECISION
:           AND ORDER
:
HAROLD BAILEY GALLISON, ROBERT S.   :      15 Civ. 5456 (GBD) (SDA)
OPPENHEIMER, and CORE BUSINESS ONE.  :
INC., *et al.*,   :
:
Defendants.   :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

The Securities and Exchange Commission ("Plaintiff" or "SEC") brings this action against Defendants Robert S. Oppenheimer ("Oppenheimer") and Core Business One, Inc. ("CBO"), under Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) promulgated thereunder, 15 U.S.C. § 78j(b), and Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

Before this Court is Magistrate Judge Stewart D. Aaron's February 4, 2023 Report and Recommendation (("Report"), ECF No. 438), recommending this Court grant the SEC's motion for Remedies and Entry of Final Judgment against Oppenheimer and CBO. (("Pl.'s Mot."), ECF No. 415.) The Report recommended that this Court: (i) issue a permanent injunction enjoining Oppenheimer and CBO from violating Section 5 and 17 of the Securities Act and Section 10(b) of the Securities Exchange Act; (ii) impose a five-year officer and director bar on Oppenheimer; (iii) impose a five-year penny-stock bar on Oppenheimer and CBO; and (iv) hold a hearing to determine civil penalties, disgorgement, and prejudgment interest. (Report at 11.) Having reviewed the Report and all objections, this Court ADOPTS the Report in full.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 1, 2022, this Court granted the SEC's motion for summary judgment against Defendants Oppenheimer and CBO. *SEC v. Gallison*, 588 F. Supp. 3d 509 (S.D.N.Y. 2022). On September 30, 2022, the SEC filed a motion for remedies and entry of final judgment against Oppenheimer and CBO. (*See* Pl.'s Mot.) In their motion, the SEC sought injunctive relief against Defendants Oppenheimer and CBO, a permanent director-officer bar on Oppenheimer, and a permanent penny-stock bar on Oppenheimer and CBO. (Mem. in Support of Pl.'s Mot. ("Pl.'s Mem."), ECF No. 416.) In addition, the SEC sought civil penalties, disgorgement, and prejudgment interest against Oppenheimer and CBO, jointly and severally. (*Id.* at 8–13.) Defendants opposed the SEC's motion. (Defs.' Mem. in Op. ("Defs.' Mem."), ECF No. 421.)

On February 3, 2023, Magistrate Judge Aaron published his Report, in which he advised the parties that failure to file timely objections would constitute a waiver and preclude appellate review. (*Id.* at 12.) The SEC timely objected to the Report's discussion of the maximum civil penalties permitted under 15 U.S.C. §§ 77t. (Pl. Objs. to R. & R. ("Pl.'s Objs."), ECF No. 440.) Defendants failed to timely object to the Report,[2] but filed a timely response to the SEC's objections. (Defendants' Response ("Defs.' Resp."), ECF No. 441.) The SEC then requested that this Court strike Defendant's filing as untimely and nonresponsive. (ECF No. 442.)

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

[2] Federal Rule of Civil Procedure 72 prescribes a 14-day period for objections to a Magistrate Judge's Report and Recommendation. Defendants' filing filed nine days late and is therefore untimely. (ECF No. 442.) Thus, Defendants' response operates as a response to Plaintiff's objection, rather than as stand-alone objections to the Report.

2

## II.   STANDARD OF REVIEW

### A.   Reports and Recommendations of a Magistrate Judge

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This court reviews *de novo* the portions of a magistrate judge's report to which a party properly objects. *See id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted) (collecting cases). A magistrate's ruling is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite Co. v. Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations omitted). This standard of review is "highly deferential." *Id.* at 511. "[T]he objector thus carries a heavy burden." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).

"[O]bjections [that] are nonspecific or "merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition[,]" *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022), "will not suffice to invoke *de novo* review of the magistrate's recommendations.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quotation omitted). Instead, "objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Id.* (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## III.   THE REPORT IS ADOPTED

### A. Permanent Injunctive Relief

Magistrate Judge Aaron recommended that this Court permanently enjoin Oppenheimer and CBO from violating Sections 5 and 17 of the Securities Act and Section 10(b) of the Securities Exchange Act. The primary consideration for imposing an injunction is whether "there is a

3

reasonable likelihood that the wrong will be repeated." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975) (quotations omitted); *see CSX Corp. v. Children's Inv. Fund Mgmt.*, 654 F.3d 276, 284 (2d Cir. 2011) ("The District Court was within its discretion in concluding that people who have lied about securities matters can reasonably be expected to attempt securities laws violations in the future."). To determine the likelihood of future securities violations, courts consider "[t]he likelihood of future violations, the degree of scienter involved, the sincerity of defendant's assurances against future violations, the isolated or recurrent nature of the infraction, defendant's recognition of the wrongful nature of his conduct, and the likelihood, because of defendant's professional occupation, that future violations might occur." *SEC v. Universal Major Industries Corp.*, 546 F.2d 1044, 1048 (2d Cir. 1976).

Applying the relevant factors, this Court agrees with Magistrate Judge Aaron's finding that a permanent injunction is appropriate. This Court has previously found that Oppenheimer and CBO knowingly "played a substantial role throughout the scheme," acted with the requisite scienter, and that Oppenheimer's conduct was not an isolated occurrence. *See Gallison*, 588 F. Supp. 3d at 525; (Report at 3–4.) That Oppenheimer continues to maintain that his past conduct was blameless, and that he has no plan to serve as a consultant to publicly traded companies, counsel in favor of an injunction. (Report at 4). A permanent injunction against Oppenheimer and CBO is therefore warranted, enjoining them from violating Sections 5 and 17 of the Securities Act and Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

### B. Five-Year Officer and Director Bar

The Report recommended that this Court impose a five-year officer and director bar on Oppenheimer. "The district court has 'substantial discretion in deciding whether to impose a bar to employment in a public company.'" *SEC v. Bankosky*, 716 F.3d 45, 47 (2d Cir. 2013) (quoting *SEC v. Patel*, 61 F.3d 141 (2d Cir. 1995)). To determine whether an officer and director bar is

warranted, courts consider "(1) the egregiousness of the underlying securities law violation; (2) the defendant's repeat offender status; (3) the defendant's role or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." *Patel*, 61 F.3d at 141 (quotation omitted); *Bankosky*, 716 F.3d at 48. While Oppenheimer was not a "repeat offender," his illegal conduct was not an isolated occurrence as it lasted for over two years. (Report at 4) (citing cases). Considering Oppenheimer's substantial role and his failure to acknowledge wrongdoing, this Court finds that an officer and director bar for a period of five years is warranted. *See SEC v. SeeThruEquity, LLC*, No. 18 Civ. 10374 (LLS), 2022 WL 171196, at *4 (S.D.N.Y. Jan. 19, 2022).

## C. Five-Year Penny-Stock Bar

The Report also recommended imposing a five-year penny-stock bar on Oppenheimer and CBO. (Report at 8.) "The standard for imposing . . . [a penny-stock] bar essentially mirrors that for imposing an officer-or-director bar." *SEC v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 429 (S.D.N.Y. 2007), *aff'd sub nom. SEC. v. Altomare*, 300 F. App'x 70 (2d Cir. 2008). In light of the aforementioned factors, the Report correctly determined that a five-year penny-stock bar against Oppenheimer and CBO is appropriate.

## D. Hearing on Civil Penalties, Disgorgement, and Prejudgment Interest[5]

Finally, the Report recommended a hearing to determine appropriate civil penalties, disgorgement, and prejudgment interest. (Report at 11.) "Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies. . ." *SEC v.*

---

[5] The SEC filed limited objections to the Report's discussion of the maximum civil penalties permitted under securities law. (*See generally* Pl.'s Objs.) Because the Report did not seek to resolve the "disputed issues of fact" but merely recommended a hearing be held to determine appropriate penalties, the SEC's limited objections are denied without prejudice. *See Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989); *see also New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 337 (S.D.N.Y. 2018). Because the maximum civil penalties may be properly addressed at a subsequent evidentiary hearing, this Court has no occasion to reach the merits of the SEC's objections.

*Frohling*, 851 F.3d 132, 138 (2d Cir. 2016) (quotation omitted). Courts regularly hold evidentiary hearings to determine appropriate civil penalties and disgorgement. *See SEC v. Milligan*, 436 F. App'x 1, 3 (2d Cir. 2011) (affirming court's determination of proper civil penalties after an evidentiary hearing); *see also SEC v. Aerokinetic Energy Corp.*, 444 F. App'x 382, 385 (11th Cir. 2011) ("The decision as to whether to hold an evidentiary hearing was committed to the district court's sound discretion.") (citations omitted). Magistrate Judge Aaron correctly recommended that an evidentiary hearing be held to determine the appropriate monetary penalties, disgorgement, and prejudgment interest.

## IV. CONCLUSION

This Court has carefully reviewed Magistrate Judge Aaron's Report and finds no error, clear or otherwise. Accordingly, Plaintiff's objections are OVERRULED, and Magistrate Judge Aaron's Report is ADOPTED. Oppenheimer and CBO are permanently enjoined from violating Section 5 and 17 of the Securities Act and Section 10(b) of the Securities Exchange Act. Oppenheimer is barred from acting as an officer or director of any issuer that has a class of registered securities pursuant to Section 21(d)(2) for a period of five years. Oppenheimer and CBO are barred from participating in an offering of penny stock for a period of five years.

The case is RECOMMITTED to Magistrate Judge Aaron for a hearing to determine civil penalties, disgorgement, and prejudgment interest.

Dated: April 26, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge