UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

    -against-

ROBERT S. OPPENHEIMER AND CORE
BUSINESS ONE, INC.,

              Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Civ. 5456 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

On July 14, 2015, Plaintiff, the Securities and Exchange Commission ("SEC"), filed this action against various defendants, including Robert S. Oppenheimer and Core Business One, Inc. ("CBO"), alleging federal securities law violations in relation to several "pump and dump" schemes. (*See* Compl., ECF No. 1.) After resolution of the claims against all other defendants, Plaintiff moved for summary judgment against Oppenheimer and CBO (hereinafter, "Defendants"). (ECF No. 279.) On February 28, 2022, this Court granted Plaintiff's Motion for Summary Judgment, finding that Defendants' participation in one of the pump and dump schemes violated Sections 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c)), Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 (15 U.S.C. § 78j(b)), and Section 17(a)(2) of the Securities Act of 1933 (15 U.S.C. § 77q(a)). (Mem. Decision & Order ("Summ. J. Decision"), ECF No. 399.)

On September 30, 2022, Plaintiff SEC filed a Motion for Remedies and Entry of Final Judgments against Defendants. (ECF No. 415.) In a Report and Recommendation dated February 4, 2023 ("February 2023 Report"), Magistrate Judge Stewart D. Aaron recommended that Plaintiff's Motion be granted in part and denied in part with a further hearing to be held on civil

1

penalties, disgorgement, and prejudgment interest. (Feb. 2023 R. & R., ECF No. 438.) This Court adopted the February 2023 Report and recommitted the case to Magistrate Judge Aaron for the hearing. (Mem. Decision and Order, ECF No. 443.) Magistrate Judge Aaron held the hearing on June 27, 2023, and the parties filed post-hearing memoranda thereafter. (ECF Nos. 455–58.)

Before this court is Magistrate Judge Aaron's August 8, 2023 Report and Recommendation ("Report") recommending the imposition of civil penalties, disgorgement, and prejudgment interest. (ECF No. 459.) Defendants filed timely objections to the Report, and Plaintiff SEC filed a timely response to Defendants' objections.[1] (Defs.' Objs., ECF No. 460; Pl.'s Resp., ECF No. 461.) Having reviewed the objected-to portions of the Report *de novo* and the remainder of the Report for clear error, this Court OVERRULES Defendants' objections and ADOPTS the Report in its entirety.

## I. LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r*

---

[1] In a letter to this Court dated November 30, 2023, Defendants asserted that Plaintiff was not permitted to file a response to Defendants' objections to the Report. (Defs.' Letter, ECF No. 463.) However, Rule 72 of the Federal Rules of Civil Procedure explicitly states that a party may respond within fourteen days to another party's objections to a magistrate judge's report. *See* Fed. R. Civ. P. 72(b)(2).

*of Soc. Sec.*, No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation and internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

## II.   THE REPORT IS ADOPTED

Magistrate Judge Aaron's Report recommended a civil penalty amount of $150,000.00 for Oppenheimer and $725,000.00 for CBO; disgorgement from Oppenheimer and CBO in the amount of $480,000.00, jointly and severally; and prejudgment interest from Oppenheimer and CBO in the amount of $300,858.59, jointly and severally. (Report at 1.) Defendants object to both the civil penalties and the disgorgement amount. As a result, this Court reviews the Report's analysis of civil penalties and disgorgement *de novo*. Because Defendants do not object to the prejudgment interest recommended by the Report, this Court reviews the prejudgment interest analysis for clear error.

### A. Civil Penalties

Courts have discretion to set civil penalties in response to federal securities law violations "in light of the facts and circumstances," except that the penalties cannot exceed the statutory maximums laid out in the Securities Act and the Exchange Act. *See Sec. & Exch. Comm'n v. Rajaratnam*, 918 F.3d 36, 44 (2d Cir. 2019) (citation omitted); Report at 3–4. The Report recommended the maximum civil penalties provided in the Acts, reserved for violations that involved "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and that "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." Report at 3; 15 U.S.C. §§ 77t(d)(2)(C),

3

78u(d)(3)(B)(iii). The Report found that the maximum penalties are appropriate because, *inter alia*, Defendants acted with scienter and played a substantial role in the pump and dump scheme, which generated $2.4 million in fraudulent proceeds. (*See* Report at 4–5 (citing Summ. J. Decision).)

In making its findings, the Report cited this Court's March 2022 Decision on the parties' cross-motions for summary judgment. (*See id.*) Defendants object to the Report's reliance on the facts laid out in the March 2022 Decision, arguing that this Court "made findings of fact" in the Decision, which is "clearly improper when ruling on a motion for summary judgment." (Defs.' Objs. at 4.) While a court may not decide a genuine dispute of fact in ruling on a motion for summary judgment, the court must decide, based on the parties' citations to the record, whether the facts asserted are genuinely disputed. (*See* Summ. J. Decision at 9–10 (citations omitted).) In the March 2022 Decision, this Court found that the facts at issue here, including that Defendants played a knowing and substantial role in the violation, were not genuinely disputed. (*See id.* at 14–17.) Any assertions by Defendants to the contrary were conclusory and unsubstantiated. (*See id.*) In reaching this conclusion, this Court cited extensive evidence in the record. (*See id.*) As a result, Defendants' objections to the civil penalties recommended by the Report are overruled. A civil penalty in the amount of $150,000.00 is imposed on Oppenheimer, and a civil penalty in the amount of $725,000.00 is imposed on CBO.

### B. Disgorgement

A district court "has broad equitable power to fashion appropriate remedies" to federal securities law violations, "including ordering that culpable defendants disgorge their profits." (Report at 5 (quoting *Sec. & Exch. Comm'n v. Razmilovic*, 738 F.3d 14, 31 (2d Cir. 2013), as amended (Nov. 26, 2013)).) In recommending disgorgement, the Report relied on the Second

4

Circuit's "two-step framework for calculating equitable monetary relief." (*Id.* at 5.) Under this framework, "[a] plaintiff must first show that it has calculated a 'reasonable approximation' of the amount of a defendant's unjust gains, and then the defendant may show that those figures are inaccurate." (*Id.* at 5–6 (quoting *Razmilovic*, 738 F.3d at 31–32).) An SEC accountant calculated the amount of Oppenheimer's and CBO's unjust gains by adding together transfers received in CBO's bank accounts from other defendants in this case. (*Id.* at 6.) The Report found that this is a reasonable approximation of Defendants' unjust gains, and that Defendants "made no showing that this number is inaccurate." (*Id.*)

Defendants make two objections to the disgorgement analysis. First, Defendants argue that Plaintiff did not meet its burden of showing a reasonable approximation of Defendants' unjust gains. (Defs.' Objs. at 2–3, 5–6.) Their argument relies on Magistrate Judge Aaron's February 2023 Report, which recommended denying Plaintiff's motion for summary judgment on disgorgement and instead recommended a further hearing. (Feb. 2023 R. & R. at 10.) The February 2023 Report made this recommendation because Defendants had "contend[ed] that there [were] legitimate business expenses" that should have been deducted from the SEC accountant's calculation of unjust gains. (*Id.*) Based on this contention, the February 2023 Report found that there remained "disputed issues of fact regarding the net profits" to be disgorged. (*Id.*) Defendants argue that because Plaintiff again relies on the same calculation of unjust gains without providing additional evidence, Plaintiff's evidence is insufficient to overcome the dispute of fact identified in the February 2023 Report. (Defs.' Objs. at 2–3.)

Although legitimate business expenses must be deducted from the disgorgement amount, proof of the expenses to be deducted is the defendant's burden. *See Razmilovic*, 738 F.3d at 31–32; *Sec. & Exch. Comm'n v. Fowler*, 6 F.4th 255, 267 (2d Cir. 2021). After a plaintiff calculates

5

a "reasonable approximation" of unjust gains, a defendant "may show that those figures are inaccurate," including through proof of legitimate business expenses that should be deducted. *Razmilovic*, 738 F.3d at 31–32; *Fowler*, 6 F.4th at 267. In calling for an additional hearing, Magistrate Judge Aaron did not make a finding that Plaintiff's calculation was not a reasonable approximation of Defendants' unjust gains. (*See* Feb. 2023 R. & R. at 10.) Rather, Magistrate Judge Aaron was providing Defendants an opportunity to produce evidence of the legitimate business expenses they claimed should have been deducted from Plaintiff's initial calculation. (*See id.*) At the hearing, however, Defendants "failed to submit any reliable evidence . . . to prove legitimate expenses that should be deducted." (Report at 7.) As a result, Magistrate Judge Aaron correctly concluded that Plaintiff met its burden of proof and that Defendants failed to show any inaccuracy in Plaintiff's calculation. (*Id.* at 6–8.)

Defendants next argue that imposing joint and several liability on Oppenheimer and CBO for the disgorgement amount is improper because there was "no showing that Mr. Oppenheimer personally received any of the funds." (Defs.' Objs. at 6.) In general, courts "have 'flexibility' to impose joint and several liability against 'partners' engaged in 'concerted wrongdoing.'" (Mem. Law in Supp. of Mot. for J., ECF No. 455, at 17 n.12 (quoting *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1949 (2020)).) In the case of disgorgement imposed on an individual defendant and a company defendant, courts in this Circuit have allowed joint and several liability where the individual defendant "was 'primarily liable' for the fraud that created [the] profits, was 'intimately involved' in the perpetration of the fraud, and was a 'controlling person' of the company." *Fed. Trade Comm'n v. Shkreli*, 581 F. Supp. 3d 579, 642 (S.D.N.Y. 2022) (quoting *Sec. & Exch. Comm'n v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996)); *Sec. & Exch. Comm'n v. Bronson*, 602 F. Supp. 3d 599, 618–19 (S.D.N.Y. 2022), *aff'd*, No. 22-1045-CV, 2022 WL

6

5237474 (2d Cir. Oct. 6, 2022), *cert. denied*, 143 S. Ct. 2643 (2023). Oppenheimer's liability and intimate involvement in the fraud was clearly established in this Court's March 2022 Decision. (*See* Summ. J. Decision at 2, 14–22.) Furthermore, the March 2022 Decision, as well as Oppenheimer's testimony at the June 2023 hearing, established that Oppenheimer fully controlled CBO. (*See id.*; Pl.'s Resp. at 7 (citing Hearing Tr., ECF No. 453, 13:24–14:25, 15:4–8).) Oppenheimer was CBO's CEO and sole employee, and he ran the company from his home. (Summ. J. Decision at 2; Pl.'s Resp. at 7 (citing Hearing Tr., ECF No. 453, 13:24–14:25, 15:4–8).) As a result, Magistrate Judge Aaron correctly concluded that joint and several liability is appropriate. (Report at 8.)

As recommended in the Report, disgorgement in the amount of $480,000.00 is imposed on Oppenheimer and CBO, jointly and severally.[2]

### C. Prejudgment Interest

The Report recommended prejudgment interest on the disgorgement amount. (Report at 8.) "'Since the primary purpose of disgorgement . . . is to deprive violators of their ill-gotten

---

[2] On November 13, 2023, Plaintiff filed a letter ("Plaintiff's Letter") notifying this Court of a Second Circuit case addressing disgorgement under the Exchange Act, *Securities and Exchange Commission v. Govil*, 86 F.4th 89 (2d Cir. 2023), which was decided on October 31, 2023. (Pl.'s Letter, ECF No. 462.) In *Govil*, the Second Circuit held that "[b]ecause a defrauded investor is not a 'victim' for equitable purposes if he suffered no pecuniary harm, the district court needed to determine that the investors . . . suffered pecuniary harm before awarding disgorgement." *Govil*, 86 F.4th at 94. In its letter, Plaintiff argued that "[t]o the extent that *Govil* held that a district court must find pecuniary harm to a victim at the remedial stage in order to award disgorgement, the Court can take note that in a parallel criminal case arising out of the misconduct at issue in the instant case, a district court in the Eastern District of Virginia . . . concluded that investors suffered pecuniary harm." (Pl.'s Letter at 1.) Defendants objected to Plaintiff's Letter only insofar as they claimed that Plaintiff was not permitted to file it because briefing was already complete. (Defs.' Letter.) Defendants do not object to the Letter's "contents or merits." (*Id.*) This Court allows parties to file letter notifications of new, relevant authority, as "[i]t is fairly standard practice for parties to send letters or to otherwise file supplemental authority after briefing is complete." *DeSimone v. Select Portfolio Servicing, Inc.*, No. 20-CV-3837 (PKC) (TAM), 2023 WL 6450236, at *4 (E.D.N.Y. Sept. 30, 2023) (quoting *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (ST), 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016)). With no objections from Defendants on the merits of Plaintiff's Letter, this Court accepts Plaintiff's assessment that awarding disgorgement in this case complies with the law as set forth in *Govil*.

gains,' district courts may 'award prejudgment interest on the disgorgement amount for the period during which a defendant had the use of his illegal profits.'" (*Id.* (quoting *Razmilovic*, 738 F.3d at 36).) Given that "Oppenheimer and CBO had access to the amount to be disgorged for several years," the Report correctly awarded prejudgment interest. (*Id.*) Plaintiff is awarded prejudgment interest from Defendants in the amount of $300,858.59, jointly and severally.

### III. CONCLUSION

The Report is ADOPTED in its entirety. Defendants' objections are OVERRULED. Final judgment shall be entered against Defendants imposing the following: (1) a $150,000.00 civil penalty for Oppenheimer and a $725,000.00 civil penalty for CBO; (2) disgorgement from Oppenheimer and CBO in the amount of $480,000.00, jointly and severally; and (3) prejudgment interest from Oppenheimer and CBO of $300,858.59 on the disgorgement amount, jointly and severally.

The Clerk of Court is directed to close the open motion at ECF No. 415 and to close this action.

Dated: New York, New York
July 8, 2024

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge